IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN CARPENTER, <br><br> Petitioner, <br><br> v. <br><br> DAVID ORTIZ, <br><br> Respondent. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 17-3234 (JBS) <br><br> **OPINION** |

APPEARANCES:

Stephen Carpenter, Petitioner pro se
#46557-177
Federal Correctional Institution
Inmate Mail/Parcels
East: PO Box 2000
Fort Dix, New Jersey 08640

**SIMANDLE, U.S. District Judge:**

**I.   INTRODUCTION**

This matter comes before the Court on Stephen Carpenter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1. For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

**II.   BACKGROUND**

Petitioner pled guilty to possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B) in the United States District Court for the Northern District of Texas on August 20, 2013. Petition ¶ 6; Brief in Support at 1. He was sentenced on December 20,

2013 to 120-months imprisonment with a 10-year period of supervised release. *See United States v. Carpenter*, No. 5:13-cr-00059 (N.D. Tex. Dec. 20, 2013);[1] Brief in Support at 1.

In December 2014, Petitioner filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel. Petition ¶ 10(a). The district court denied the motion, and the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *Id.* In November 2016, he requested permission from the Fifth Circuit to file a second § 2255 motion, but the Fifth Circuit denied that request in January 2017. *Id.* ¶ 10(b). This § 2241 petition followed on May 8, 2017.

Petitioner argues the United States lacked jurisdiction to prosecute him for possession of child pornography. He asks the Court to release him from custody and to seal all court records related to the criminal proceedings.

III. **STANDARD OF REVIEW**

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339

---

[1] The Court takes judicial notice of this public record.

(3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner candidly states he is challenging the validity of his conviction in this petition. Petition ¶ 10.

"[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (per curiam) (quoting 28 U.S.C. § 2255(e)). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or

3

ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).

Petitioner asserts § 2255 is ineffective or inadequate because the Fifth Circuit "will not grant me a second 2255 Motion. Thus the court refuses to hear my arguments on jurisdiction and the evidence." Petition ¶ 10(c). Section 2255 is not ineffective or inadequate "merely because [a] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Dorsainvil*, 119 F.3d at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. Accordingly, the Court lacks jurisdiction over the petition.[2]

---

[2] To the extent Petitioner's request for "all court records pertaining to federal case to be sealed" could be construed as a motion to seal this proceeding, the motion is denied. "There is a 'strong presumption' of public access to judicial records, and '[t]he party seeking to seal any part of a judicial record bears the heavy burden' of rebutting that presumption." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)) (alteration in original). Petitioner does not provide any reason to seal this matter, let alone a reason strong enough to overcome the presumption of public accessibility.

4

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as it appears the Fifth Circuit has already denied Petitioner permission to file a second or successive § 2255 motion based on his jurisdiction arguments. Petition ¶ 10(b). Nothing in this opinion, however, should be construed as prohibiting Petitioner from once again seeking the Fifth Circuit's permission to file on his own should he so choose.

## V. CONCLUSION

For the above stated reasons, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

**September 13, 2017**             **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                            U.S. District Judge